IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KYLE ERWIN SKINNER,<br>AIS # 341354, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-263-WKW |
| | ) | [WO] |
| GWENDOLYN DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner Kyle Erwin Skinner, a state inmate proceeding *pro se*, commenced this action by filing a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. # 1.)   Mr. Skinner challenges the constitutional validity of his felony conviction for trafficking heroin and the life sentence with the possibility of parole imposed by the Circuit Court of Cherokee County, Alabama.  (Doc. # 1 at 1.)

Pursuant to 28 U.S.C. § 2241(d), Mr. Skinner may file his § 2254 habeas petition in one of two federal district courts:  (a) the Middle District of Alabama, where he is incarcerated at the Easterling Correctional Facility, or (b) the Northern District of Alabama, where the Circuit Court of Cherokee County, which convicted and sentenced him, is located.  Section 2241(d) grants this court the discretion to transfer the petition "in furtherance of justice" to "the district court for the district

within which the State court was held which convicted and sentenced [the petitioner]."  28 U.S.C. § 2241(d).

While this court has jurisdiction to hear Mr. Skinner's petition because he is incarcerated in this district, the interests of justice weigh in favor of a transfer to the Northern District of Alabama, where Mr. Skinner was convicted and sentenced.  The Northern District is more familiar with the state court system within its boundaries. Additionally, that district likely would provide a more convenient forum for potential witnesses if an evidentiary hearing is required.  These interests support a transfer to the Northern District.  *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 497 (1973) ("Congress explicitly recognized the substantial advantages of having [habeas petitions] resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."); *Diggs v. Gordey*, 2015 WL 4941240, at *2–3 (N.D. Ala. Aug. 19, 2015) (transferring a habeas petition to the district of conviction "because that is where the contested proceedings took place and would thus presumably be more convenient for witnesses").  Given these circumstances, transferring this case to the United States District Court for the Northern District of Alabama would best serve the interests of justice and judicial economy.[1]

---

[1] In transferring this action, the court does not make any determination regarding the merits of the petition.

2

Accordingly, it is ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

DONE this 20th day of April, 2026

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE